IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD ROBERSON, R60232, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY WILLS, | ) | |
| DRAKE, | ) | |
| CURTIS DALLAS, | ) | |
| LAPOSKY, | ) | |
| CODY SWOULS, | ) | |
| MARNATTI, | ) | |
| BRIAN METCALF, | ) | |
| McCALLIAN, | ) | |
| ROBERT RHOADES, | ) | |
| ETHAN KEMPFER, | ) | |
| ADAMS, | ) | Case No. 21-cv-1362-DWD |
| HUNTER, | ) | |
| MARTIN, | ) | |
| CONNOR, | ) | |
| OSBOURNE, | ) | |
| BRUM-LEVY, | ) | |
| NICKOLAS MITCHELL, | ) | |
| MARC C. WILLIAMS, | ) | |
| JAMES CLAYCOMB, | ) | |
| BERNER, | ) | |
| DOODY, | ) | |
| JANELL STANLEY, | ) | |
| SHEILA RAMSEY, | ) | |
| FRANK E. LAWRENCE, | ) | |
| C/O ROWLAND | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court for consideration of Plaintiff Edward Roberson's

Motion for Leave to Amend (Doc. 21), his proposed amended complaint, and his Motion

1

for order to Show Cause for A Preliminary Injunction (Doc. 24). The underlying lawsuit concerns Plaintiff's allegation that beginning in October of 2019, and continuing to date, the defendants have violated his First, Eighth, and Fourteenth Amendment rights by refusing his religious diet, tampering with his food, placing him a deplorable conditions of confinement, and retaliating against him for grievances and litigation. As with any complaint filed by an inmate, Plaintiff's amended complaint is subject to review under the terms of 28 U.S.C. § 1915A.

Upon initial review the Court identified seven distinct claims that would proceed against John Doe Kitchen Supervisor and Anthony Wills:

> **Claim 1D:** **Kitchen Supervisor John/Jane Doe retaliated against Plaintiff for filing grievances/lawsuits against staff by serving him inadequate food trays, in violation of the First Amendment;**
>
> **Claim 1E:** **Kitchen Supervisor John/Jane Doe retaliated against Plaintiff for filing grievances/lawsuits by refusing to serve him a religious meal tray from October 1-16, 2019, in violation of the First Amendment;**
>
> **Claim 2A:** **Wills received numerous letters and grievances from Plaintiff about his inadequate meals, conditions of confinement, refusal of medical assistance, and denial of mental health counseling, but ignored his complaints, in violation of Plaintiff's rights under the Eighth Amendment;**
>
> **Claim 2C:** **Kitchen Supervisor John/Jane Doe allowed inmate trustees to tamper with and removed food items from Plaintiff's meal trays off camera, resulting in inadequate food portions, in violation of the Eighth Amendment;**
>
> **Claim 2I:** **Wills housed Plaintiff in a poorly ventilated and dilapidated cell in extreme temperatures with no out-of-cell exercise from June 28, 2020, to present in violation of his rights under the Eighth Amendment;**

> **Claim 3C:** Wills violated Plaintiff's First, Eight, and/or Fourteenth Amendment rights by allowing officers to sabotage his breakfast trays after Plaintiff filed multiple grievances to address the issue;
>
> **Claim 3F:** Wills deprived Plaintiff of a protected liberty interest without due process of law by housing him in punitive segregation long term in a cell with a steel door, poor ventilation, decaying walls, a termite infestation, poor plumbing, and extreme temperatures without blankets or fans, in violation of his rights under the Fourteenth Amendment.

(Doc. 15 at 3). The Court dismissed claims against C/O Rowland, Ethan Kempfer, Robert Rhoades, C/O Womble, C/O Adams, Cody Swouls, Shane Susler, Heather Hood, Kelly Priece, and C/O Drake because the allegations were insufficient to establish the personal involvement of these parties.

Plaintiff has now filed an amended complaint that reincorporates C/O Rowland, Ethan Kempfer, Robert Rhoades, C/O Adams, Cody Swouls, and C/O Drake. It also adds claims against many parties Based on the amended complaint, the Court will modify the existing claims to include additional defendants:

> **Claim 1D:** First Amendment retaliation via inadequate meal trays shall also include Defendants Kempfer, Rhoades, Swouls, Connor and McCallian, in addition to John Doe Kitchen Supervisor;
>
> **Claim 1E:** First Amendment failure to serve a religious diet tray against Defendants Lawrence and Claycomb, in addition to John Doe Kitchen Supervisor;
>
> **Claim 2C:** Eighth Amendment inadequate meal trays against Defendants Kempfer, Rhoades, Swouls, Connor and, McCallian, in addition to John Doe Kitchen Supervisor;

**Claim 2I:**   Eighth Amendment conditions of confinement claim concerning segregation cell from June 28, 2020, to present against Defendant Rowland, in addition to Wills;

**Claim 3F:**   Fourteenth Amendment claim for housing in poor conditions in segregation without due process against Defendant Rowland, in addition to Wills;

**Claim 4:**   Eighth Amendment excessive force/failure to intervene claim against Defendants Metcalf, Laposky, McCallian, and Marnatti for allegedly beating plaintiff after he threw milk on another officer;

**Claim 5:**   Eighth Amendment excessive force claim against Fenton and Brown for allegedly attempting to break Plaintiff's arm through the chuck hole of his cell;

**Claim 6:**   Eighth Amendment claim against Quincy for depriving Plaintiff of showers for a year.

(Amended Complaint).

## Allegations

The allegations in the amended complaint provide significant detail about the personal involvement of the defendants that the original complaint lacked.  For example, claims were previously dismissed against defendants such as Rhoades for lack of allegations that tied his personal actions to any established harm.  In the amended complaint, Plaintiff identified at least five specific dates when Rhoades allegedly tampered with his tray or provided an inadequate meal.  (Amended Complaint at 12, 14, 15, 16, 18).  Detailed allegations such as these are sufficient to present a plausible claim, so the defendants like Rhoades were incorporated into pre-existing claims.  Most of the allegations in the amended complaint catalogue an ongoing course of retaliation or harm by defendants by tampering with Plaintiff's food trays.  Plaintiff alleges that he received trays that were spoiled, that contained live bugs and rat feces, and that were otherwise

contaminated with filth or hair.  He asserts that his trays were tampered with as a form of retaliation for his filing of grievances and lawsuits about the conditions of his confinement at Menard.  The Court will not exhaustively recite these facts because they are clearly set forth in the complaint, and claims premised on these facts will be allowed to proceed against defendants who were properly associated with this conduct.

Plaintiff's complaint also contains a smattering of new allegations about other scenarios.  He alleges that on August 21, 2020, Swouls brought him a contaminated tray, and refused to exchange it for a new tray.  (Amended Complaint at 9).  Out of frustration, Plaintiff threw the contents of the milk carton onto Swouls.  Defendants Laposky and Berner arrived at his cell after the incident and told him to cuff-up.  Both were heated, so out of fear Plaintiff requested another officer.  A non-party came and escorted him to the medical wing because it was apparently policy to take him there after an incident.  After he was done at the medical unit, Plaintiff was placed in a bullpen where Defendants Laposky, Metcalf, McCallian, and Marnatti physically assaulted him with punches, kicks, and other blows.  (Amended Complaint at 10).  He characterized the incident as excessive force and a failure to intervene in each other's conduct.  (Amended Complaint at 22).

Plaintiff additionally alleges that on or about December 20, 2020, correctional officers Brown and Fenton tried to break his arm through the chuck hole of his cell when he requested a grievance form or a supervisor.  (Amended Complaint at 13).

On multiple occasions Plaintiff mentions cellhouse shakedowns and the confiscation and destruction of his personal property.  He also frequently mentions non-responses to grievances.

At the end of the amended complaint, Plaintiff presented two counts, with numerous subclaims. Although he did not mention Defendants Ramsey or Stanley by name in the factual allegations, he lists them with subclaims in this section.

Plaintiff seeks declaratory and compensatory relief.

As a procedural matter, on February 1, 2022, the Court issued an Initial Scheduling Order that gave Plaintiff until April 1, 2022, to conduct discovery as to the identity of John/Jane Doe Kitchen Supervisor, and to file a motion to substitute. (Doc. 16). To date, Plaintiff has not filed a motion to substitute. Defendant Wills alleges that Plaintiff never sought information from IDOC about John/Jane Doe's identity. (Doc. 22).

## Preliminary Dismissals

As the Court previously explained, to state a proper claim under Section 1983, a plaintiff must clearly describe the individual actions taken by named defendants that caused him harm. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Many of the defendants identified in amended complaint were mentioned on a single occasion. For example, Plaintiff only mentioned Defendant Drake once and stated that on August 10, 2020, he told Drake he did not get the proper kosher diet tray. Drake told him he would check on the issue, and Drake reported back to him that he was not on the approved list so he would have to resubmit for the diet. This one-off interaction is not sufficient to allege that Drake caused Plaintiff any harm under Section 1983.

Likewise, there are many defendants that Plaintiff only mentioned a single time, including Defendants Williams (14), Adams (17), Hunter (18), Martin (18), Osbourne (17), Brum-Levy (17), Mitchell (15), and Doody (5). As to this group of defendants, he alleges

that on various dates throughout 2021 these individuals delivered one of his meal trays to his cell that was somehow contaminated.  Although the Court does not take allegations of this nature lightly, these allegations do not rise to the level of a constitutional deprivation.

To state an Eighth Amendment claim for cruel and unusual punishment, an inmate must demonstrate an extreme deprivation or something that was a serious and excessive risk to his health or safety.  *See e.g. Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002); *Farmver v. Brennan*, 511 U.S. 825, 834 (1994).   An inmate must demonstrate an objective risk or harm, as well as subjective intent by the defendant.  A plaintiff must establish that the defendant had knowledge of a serious harm or risk and the official failed to prevent unreasonable peril.  *See e.g. Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016).  Specifically, as to these defendants whom the Plaintiff alleges served him bad or contaminated trays on only one occasion, Plaintiff has not sufficiently established an objective risk or subjective intent.  He does not allege that these defendants knew there was a larger problem taking place, nor does he demonstrate that they as individuals had any personal animus towards him.  The mention of these defendants is distinct from Plaintiff's naming of others who repeatedly brought him spoiled trays and acknowledged a retaliatory motive.  For example, Plaintiff alleges Kempfer served him contaminated trays on at least six occasions, and he also overheard Kempfer say that he should stop filing so many lawsuits.  These allegations suggest both objective action and a subjective intent.  This type of behavior, coupled with subjective intent is not present in the allegations against Defendants who only served a bad tray on one occasion.  Thus, the

7

Court will dismiss the claims against Defendants Williams, Adams, Hunter, Martin, Osbourne, Brum-Levy, Mitchell, and Doody as insufficient.

Likewise, the Court will also dismiss Plaintiff's claim against Defendant Berner as insufficient because it is not clear what harm Berner caused.  Plaintiff alleged that on August 21, 2020, when he threw milk on Defendant Swouls, Berner and Laposky reported to his cell.  He reported that Berner was verbally aggressive, but he also subsequently explained that Berner calmed down and had a third officer report to safely escort him to the healthcare unit.  Although this interaction may have been unpleasant for Plaintiff, there is no indication of a constitutional harm by Berner.  Thus, the claim against Berner is dismissed without prejudice.

It is also unclear what harm Defendant Drake caused.  Plaintiff alleges that on August 10, 2020, he stopped Drake during breakfast service to inform him of an issue with kosher diet trays.  (Amended Complaint at 7).  Drake said he would check with the kitchen, and he later informed Plaintiff that he was not signed up for the tray and would need to request it again.  This interaction does not constitute a violation of Plaintiff's constitutional rights, so the claim against Drake will be dismissed.

The claim against Curtis Dallas is also insufficient because the allegations are limited.  Plaintiff alleges that on August 16, 2020, Swouls gave him an inadequate tray, and refused to replace it.  Plaintiff banged on his cell door and eventually Dallas came to his cell.  He asked for a new tray.  Dallas insisted that Swouls does not tamper with trays, and he told Plaintiff he was lucky to get fed.  He also said Plaintiff should sit down or he would mace his cell.  (Amended Complaint at 7-8).  The next day Plaintiff told another

8

officer about the tray issue.  Several minutes later an unidentified person shot mace into his cell.  In the enumerated claims section, Plaintiff alleges Dallas violated his Eighth Amendment rights by spraying his cell with mace, but in the factual allegations, he states vaguely that the day after he spoke to Dallas "someone" maced his cell.  The inconsistency dooms this claim.  It is not sufficiently clear that Dallas took any harmful action that violated Plaintiff's rights.

Plaintiff mentions Defendant Metcalf multiple times in the complaint, but there is only one instance where he mentions Metcalf in association with providing an inadequate tray.  The allegation is that "On August 31, 2020, C/O's Brian Metcalf, Robert Rhoades, and Ethan Kempfer started to knowingly and willingly hand plaintiff inadequate trays…after filing grievances which went unanswered both Rhoades and Kempfer continued to harass me."  (Amended Complaint at 12).  This allegation does not show sufficient personal involvement on Defendant Metcalf's behalf.  So Metcalf is dismissed from the two claims about inadequate trays (Claims 1D and 2C).

There are at least two parties that the Plaintiff does not mention in the factual allegations, but whom he mentions in his enumerated claims.  These defendants are Janell Stanley and Sheila Ramsey.  As to Ramsey, Plaintiff alleges that she violated his First Amendment rights by either refusing to process, or by destroying, his grievances.  There is no right to access to an internal grievance procedure, or to processing of grievances, so Plaintiff has not stated a claim against Ramsey.  *See e.g.*, *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (denying a grievance or failing to investigate it does not make an official liable for damages).

9

As to Defendant Stanley, Plaintiff mentions Stanley in passing in an enumerated claim by alleging that Stanley violated his Eighth Amendment rights along with Wills by placing him in a poorly ventilated and dilapidated cell from June 28, 2020, to present. (Amended Complaint at 21).   This allegation does not give any information about Stanley's personal involvement, so it is insufficient, and Stanley will be dismissed.

### Analysis

The Court is left with the claims added against Rowland, Laposky, Swouls, Marnatti, Brian Metcalf, McCallian, Robert Rhoades, Ethan Kempfer, James Claycomb, and Frank E. Lawrence.   The claims will be allowed to proceed as additions to the previously enumerated claims 1D, 1E, 2C, 2I, and 3F as explained above.

Claim 4 against Metcalf, Laposky, Marnatti, and McCallian alleges excessive force following the incident where Plaintiff threw milk on Swouls.   Although the issue arose because Plaintiff was apparently upset about his tray issues—it is not directly intertwined with most of the allegations in this lawsuit, so the Court finds it improper to allow it to be added via this amended complaint.   *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (multiple unrelated claims against multiple defendants should not be joined together in a single lawsuit).   If Plaintiff believes that he has a claim for excessive force or failure to intervene related to this incident, it would be more properly presented in separate litigation.

In Claim 5, Plaintiff alleges that on December 20, 2020, officers Fenton and Brown attempted to break his arm through the chuck hole of his cell.   As with Claim 4, there is

no apparent relation to this lawsuit.  Additionally, Plaintiff did not list these two individuals as defendants in this case, so the claim is not properly presented.

Finally, in Claim 6, Plaintiff alleges that Quincy prevented him from having access to a shower for several months.  Quincy was not properly named as a defendant, and it does not appear that this factual allegation is related to the majority of this lawsuit, so it will also be dismissed.

Any other claims that were not explicitly identified or discussed were insufficient and are dismissed without prejudice.

### John Doe Kitchen Supervisor

As noted above, Plaintiff was given deadlines to exchange information with Defendant Wills about the identity of the John/Jane Doe kitchen supervisor, and he was instructed to file a motion to substitute by April 1, 2022.  That deadline elapsed with no motion to substitute.  The Court will give Plaintiff one final opportunity to ascertain John Doe's identity and to file a motion to substitute.  Plaintiff shall tender any identifying information to the Defendants by **July 29, 2022**, the Defendants shall have until **August 15, 2022**, to provide identifying information, and Plaintiff must file a motion to substitute by **August 31, 2022**.  A failure to file a motion to substitute will result in the complete dismissal of any claims against John Doe Kitchen Supervisor.

### Motion for a Preliminary Injunction

Plaintiff's latest motion for a preliminary injunction or a temporary restraining order (Doc. 24) is styled as an order that directs the defendants to take certain actions. Specifically, Plaintiff seeks an order that forces Defendants Wills and Rowland to arrange

for an immediate appointment with a solar plexus specialist to evaluate the condition of his stomach, and to provide a treatment plan to restore full stomach function. (Doc. 24 at 1-2). In a supporting declaration, Plaintiff avers that the inadequate meals he complains of in this lawsuit have caused his stomach to feel stiff and painful. (Doc. 24-1 at 1-2). He has sought care from the medical unit, but he alleges his appointments have been delayed as part of a policy to prioritize care for inmates other than those housed in segregation. Additionally, the medical staff has only provided him generic pepto bismal, which he claims is ineffective.

Plaintiff's Motion will be denied because it is not directly related to an underlying claim in this lawsuit. Plaintiff seeks medical relief, but he does not have any substantive claims about medical care. Injunctive relief must be related to issues in the underlying lawsuit. *See e.g. Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). Accordingly, the Motion (Doc. 24) is **DENIED**.

### Disposition

Plaintiff's Motion to File an Amended Complaint [21] is **GRANTED**. The Clerk of Court is **DIRECTED** to **DOCKET** the proposed amended complaint. Plaintiff's Motion for Injunctive Relief (Doc. 24) is **DENIED**.

Based on the analysis above, the following parties will be **ADDED** to existing claims: Claim 1D will proceed against Defendants Kempfer, Rhoades, Swouls, Connor and McCallian; Claim 1E will proceed against Defendants Lawrence and Claycomb; Claim 2C will proceed against Defendants Kempfer, Rhoades, Swouls, Connor and McCallian; Claim 2I will proceed against Defendant Rowland; and Claim 3F will proceed against Rowland.   The Clerk is **DIRECTED** to **SERVE** the new parties consistent with Document 8.   The new parties are: Ethan Kempfer, Robert Rhoades, Cody Swouls, Connor, McCallian, James Claycomb, Frank E. Lawrence, and C/O Rowland.

By contrast, Claims 4-6 will be **DISMISSED** for failure to state a claim.  The Clerk is **DIRECTED** to **TERMINATE** Defendants Laposky, Marnatti and Metcalf because Claim 4 was the only remaining claim against them.  The Clerk is **DIRECTED** to **TERMINATE** Brown and Fenton because Claim 5 will not proceed, and the Clerk is **DIRECTED** to **TERMINATE** Quincy because Claim 6 will not proceed.  The Clerk is also **DIRECTED** to **TERMINATE** Defendants Drake, Dallas, Adams, Hunter, Martin, Osbourne, Brum-Levy, Mitchell, Williams, Berner, Doody, Stanley, Ramsey because Plaintiff has failed to state a claim against them that would fit any of the above defined claims.

As discussed above, Plaintiff must file a motion to substitute John/Jane Doe Kitchen Supervisor by **August 31, 2022**, or all claims against that party will be dismissed.

The stay currently in place for Defendant Wills regarding discovery will be continued.  Once the new parties have appeared and filed answer the Court will set a new overall initial scheduling order for all parties.

13

**IT IS SO ORDERED.**

Dated: July 1, 2022

_____
DAVID W. DUGAN
United States District Judge